IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CYNTHIA NAJERA and CARLOS NAJERA,   )
Individually and as Next Friends and Parents of   )
S.N., a minor   )
   )
       Plaintiff,   )
   )   CIV-14-657-R
-vs-   )
   )
(1) INDEPENDENT SCHOOL DISTRICT OF   )
STROUD NO. I-54 OF LINCOLN COUNTY,   )
and   )   State Case No. CJ-2014-54
(2) MANDI GUERRERO, individually, and   )
(3) STROUD PUBLIC SCHOOL BOARD,   )
   )
       Defendants.   )
   )

**DEFENDANTS' PARTIAL MOTION TO DISMISS
AND BRIEF IN SUPPORT**

F. Andrew Fugitt
Lauren J. Ray
Center for Education Law, P.C.
900 North Broadway, Suite 300
Oklahoma City, Oklahoma 7310

## TABLE OF CONTENTS

Table of Authorities……………………………………………………………..……ii

Introduction…………………………………………………………………….…….1

Argument and Authority……………………………………………………………….1

    Standard on Motion to Dismiss……………………………………………………...1

    Proposition I:       The Stroud Public School Board is not a proper party………...3

    Proposition II:      District is immune from claims of failure to adopt a policy for control of teachers and for supervision of teachers…...……...4

    Proposition III:     District is immune from liability with respect to the claims of negligent supervision of its teachers…..………………….8

    Proposition IV:     The claim for breach of an implied contract must be dismissed……………………………………..……….10

    Proposition V:      Plaintiff does not sufficiently allege that constitutional deprivations resulted from a policy, regulation, custom, or practice of District…………………………………………12

    Proposition VI:    District cannot be liable for punitive damages as alleged in Plaintiff's Petition……………………………..………14

# TABLE OF AUTHORITIES

## Cases

*Barnes v. Gorman,*
  536 U.S. 181, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002)................................................. 15

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)........................................... 2, 8

*Benedix v. Indep. Sch. Dist. No. I-007 of Oklahoma Cnty., Okla.,*
  CIV-08-1060-D, 2009 WL 975145 (W.D. Okla. Apr. 9, 2009) ...................................... 9

*Bittle v. Oklahoma City Univ.,*
  2000 OK CIV APP 66, 6 P.3d 509 ............................................................................. 11

*Briggs v. Oklahoma ex rel. Oklahoma Dep't of Human Servs.,*
  472 F. Supp. 2d 1304(W.D. Okla. 2007) ..................................................................... 5

*Burns v. Holcombe,*
  09-CV-152-JHP, 2010 WL 2756954 (? July 12, 2010) .......................................... 9, 10

*Collins v. City of Harker Heights, Tex.,*
  503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992)........................................ 12

*Curtis v. Oklahoma City Pub. Sch. Bd. of Educ.,*
  147 F.3d 1200 (10th Cir. 1998)................................................................................ 13

*Dill v. City of Edmond, Okl.,*
  155 F.3d 1193 (10th Cir. 1998)................................................................................ 14

*Doe 20 v. Bd. of Educ. of Cmty. Unit Sch. Dist. No. 5,*
  680 F. Supp. 2d 957 (C.D. Ill. 2010) ....................................................................... 15

*Elizabeth S. v. Oklahoma City Pub. Sch.,*
  CIV-08-105-M, 2008 WL 4147572 (W.D. Okla. Sept. 3, 2008)................................. 10

*Franks v. Union City Pub. Sch.,*
  1997 OK 105, 943 P.2d 611 .................................................................................... 6, 7

*Fumi v. Bd. of Cnty. Comm'rs of Rogers Cnty.,*
  10-CV-769-TCK-PJC, 2011 WL 4608296 (N.D. Okla. Oct. 3, 2011) ........................... 8

*Indep. Sch. Dist. No. 8 of Seiling, Dewey Cnty. v. Swanson,*
    1976 OK 71, 553 P.2d 496 ................................................................ 13

*James ex rel. Z.J. v. Indep. Sch. Dist. No. I-007 of Oklahoma Cnty. State of Oklahoma,*
    CIV-07-434-M, 2007 WL 3171213 (W.D. Okla. Oct. 25, 2007) ................................. 15

*Jojola v. Chavez,*
    55 F.3d 488 (10th Cir. 1995) ............................................................ 12

*Monell v. Dep't of Soc. Servs. of City of New York,*
    436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) ............................. 12, 13

*Murrell v. Sch. Dist. No. 1, Denver, Colo.,*
    186 F.3d 1238 (10th Cir. 1999) .......................................................... 13

*Niece v. Sears, Roebuck & Co.,*
    293 F. Supp. 792 (N.D. Okla. 1968) ..................................................... 1

*Ochoa v. Taylor,*
    1981 OK 120, 635 P.2d 604 ............................................................. 10

*Primeaux v. Indep. Sch. Dist. No. 5 of Tulsa Cnty. Okla.,*
    954 F. Supp. 2d 1292 (N.D. Okla. 2012) ................................................. 3

*Randell v. Tulsa Indep. Sch. Dist. No. 1,*
    1994 OK CIV APP 156, 889 P.2d 1264 ................................................... 7

*Robbins v. Oklahoma,*
    519 F.3d 1242 (10th Cir. 2008) .......................................................... 2

*Robinson v. City of Bartlesville Bd. of Educ.,*
    1985 OK 39, 700 P.2d 1013 .............................................................. 6

*Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.,*
    511 F.3d 1114 (10th Cir. 2008) ......................................................... 13

*Sauers v. Salt Lake Cnty.,*
    1 F.3d 1122 (10th Cir. 1993) ........................................................... 12

*State ex rel. Oklahoma Dep't of Pub. Safety v. Gurich,*
    2010 OK 56, 238 P.3d 1 ............................................................... 5, 9

*Swanson v. Bixler*,
    750 F.2d 810 (10th Cir. 1984) ....................................................................... 1

*Truitt v. Diggs*,
    1980 OK 57, 611 P.2d 633 ............................................................................ 7

*White v. City of Tulsa, Okla.*,
    13-CV-128-TCK-PJC, 2013 WL 4784243 (N.D. Okla. Sept. 5, 2013) ....................... 8, 9

**Statutes**

Okla. Const. art. XIII, § 4 ................................................................................. 10

Okla. Stat. Ann. tit. 51, § 154(B) (West) ........................................................... 14

## Introduction

Defendants, Independent School District No. I-54 of Lincoln County, a/k/a Stroud Public Schools ("District"), and the Stroud Public School Board, move to dismiss portions of Plaintiff's Amended Petition (Doc. 1, Exhibit No. 3) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants move to dismiss all claims as against Defendant Stroud Public School Board since the District Board of Education is not a proper party. Defendants move to dismiss: (1) the negligence claims against District in Plaintiffs' Second Cause of Action because District is exempt from liability under the Oklahoma Governmental Tort Claims Act (GTCA); (2) the claim of breach of an implied contract, because no such claim is recognized under Oklahoma law, Plaintiffs' Fourth Cause of Action, (3) the civil rights claim under 42 U.S.C.§ 1983, Plaintiffs' Fifth Cause of Action. In addition, Defendants move to dismiss any claims against District for punitive damages, as these are also barred under the GTCA.

## Standard on a Motion to Dismiss

A motion pursuant to Rule 12(b)(6) assumes that the court is authorized to resolve the dispute and tests whether there is a legal dispute to resolve. The function of a Rule 12(b)(6) motion is to test the law of a claim, not the facts which support it. *Niece v. Sears, Roebuck & Co.*, 293 F. Supp. 792, 794 (N.D. Okla. 1968).

In deciding a motion to dismiss for failure to state a claim, the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Swanson v. Bixler*,

1

750 F.2d 810, 813 (10th Cir. 1984).   However, a complaint must provide factual allegations which, if true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint must contain enough factual allegations to state a claim that is plausible on its face. *Id.* at 570. A complaint need not contain detailed factual allegations; however, a plaintiff's obligation requires more than labels and conclusions, and a mere recitation of the elements of a cause of action will not be sufficient. *Id.* at 555. A plaintiff must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570.

One of the purposes of the plausibility requirement is "to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success" and "to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). The Supreme Court is critical of complaints that do not include "specific times, places[,] or people involved." *Bell Atl. Corp.*, 550 U.S. at 565. The "degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" which ultimately depends on the type of case. *Robbins*, 519 F.3d at 1248.

**Proposition I:        The Stroud Public School Board is not a proper party.**

Plaintiffs' Amended Petition (Doc. 1, Exhibit No. 3) list three Defendants: the District, Defendant Mandi Guerrero and Defendant Stroud Public School Board (also referred to as (sic) "Independent Stroud Public Schools Board", referred to here as the "Board".   The Board is not a proper party Defendant.

Oklahoma law provides that a *school district* is a body corporate possessing the powers of a corporation for public purposes.  70 O.S. §5–105.  The law further provides that a school district may sue and be sued by the name and style of the Independent School District Number.   The "governing body" of each school district is referred to as the "board of education." *Id.* at § 5–106.   There is no similar law which permits a board of education of a public school district to sue or be sued in its own name.

The United States District Court for the Northern District of Oklahoma has held that a public school board is not a separate suable entity and that any claims against the school board are duplicative of claims against the school District. *Primeaux v. Indep. Sch. Dist. No. 5 of Tulsa Cnty. Okla.*, 954 F. Supp. 2d 1292, 1295 (N.D. Okla. 2012).

Here, the Stroud Public School Board is not a separate legal entity that may be sued, and any claims Plaintiffs assert against it are duplicative of Plaintiffs' claims against the District.  Plaintiffs' claims against the Stroud Public School Board should be therefore be dismissed.

**Proposition II:**     **District is immune from claims of failure to adopt a policy for control of teachers and for supervision of teachers.**

In their Second Cause of Action of the Amended Petition, Plaintiffs allege that District was negligent by failing to maintain an appropriate system of review of assault and sexual harassment claims and in failing to identify conduct by students that put other students at substantial risk of violence (Doc. 1, Exhibit No. 3, Plaintiffs' Amended Petition, ¶34), in failing to maintain an appropriate screening procedure that would identify students who are prone to violence against other students (Amended Petition at ¶35), in failing to properly supervise the students and teachers in the high school gymnasium (Amended Petition at ¶36), and in failing to adopt and maintain a policy for the control and discipline of teachers that are prone to sexual abuse of students (Amended Petition at ¶39).

The allegations in Paragraphs 34 and 35 are at odds with the allegations in Paragraphs 36 and 39. In the former, Plaintiffs appear to allege that S.N. was the victim of assault and harassment by *other students*, (although there are no specific factual allegations in the Amended Petition to this effect), while in the latter, Plaintiffs appear to be referring to negligence by District in the supervision of its employees, including Defendant Guerrero. There are no allegations that S.N. was assaulted or harassed by other students and such allegations should be dismissed. In addition, per the GTCA, District is exempt from liability for the negligence claims as they would relate to the alleged conduct by Defendant Guerrero.

4

To the extent Plaintiffs' are claiming District was negligent for failing to adopt a policy for reviewing claims, screening, or control and discipline of teachers, District is exempt under Title 51 O.S. §155(4), which provides that a political subdivision is not liable for a loss or claim which results from failure to adopt or enforce a regulation or policy. In *Briggs v. Oklahoma ex rel. Oklahoma Dep't of Human Servs.*, 472 F. Supp. 2d 1304, 1308 (W.D. Okla. 2007) *aff'd sub nom. Briggs v. Johnson*, 274 F. App'x 730 (10th Cir. 2008), the plaintiff alleged that the Oklahoma Department of Human Services ("DHS") was negligent for failing to investigate claims of child abuse as required by state law. The plaintiff claimed that DHS' failure to adopt and/or implement policies and/or procedures led to the plaintiff's injury. *Id.* at 1308. The court held that DHS was exempt from liability under 51 O.S. §155(4). According to the court, "the intent and purpose of section 155(4) was the preservation of sovereign immunity against claims for losses resulting from a state agency's failure to enforce a law." *Id.* at 1309-1310.

In *State ex rel. Oklahoma Dep't of Pub. Safety v. Gurich*, 2010 OK 56, 238 P.3d 1, a passenger in an automobile was killed when the car he was riding in was struck by a car traveling at a high rate of speed as it was being pursued by an Oklahoma Highway Patrol trooper. The passenger's widow sued the Okahoma Department of Public Safety. The Oklahoma Supreme Court held that "[t]he State and its political subdivisions enjoy immunity for the choice to adopt or enforce a law, the formulation of law enforcement policy, and the method by which policy is implemented." *State ex rel. Oklahoma Dep't of Pub. Safety*, 238 P.3d at 4.

In this case, Plaintiffs alleges that District was negligent in failing to have a policy for the control or discipline of its teachers, a system of review and screening for sexual harassment and assault claims, as well as identifying students prone to violence. (As noted, the allegations of *student* conduct are seemingly out of place and do not support Plaintiffs' claims related to the District's control and discipline of its teachers.) However, under the GTCA, District is exempt from liability for failure to adopt such a policy.

In addition, the GTCA sets forth exemption from liability for claims resulting from:

> ...(5) Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees;
> 51 O.S. §155(5).

An action of a political subdivision is discretionary when it is the result of judgment. *Robinson v. City of Bartlesville Bd. of Educ.*, 1985 OK 39, 700 P.2d 1013, 1017. In *Franks v. Union City Pub. Sch.*, 1997 OK 105, 943 P.2d 611, a student was punched in the face by another student during lunch. At the time of the incident, there was no adult supervision in the area. The injured student brought suit alleging that the school was negligent for failing to supervise the students. The school district defended, claiming that it was immune from liability based on 51 O.S. § 155(5). Specifically, the school contended that the decision as to whether to provide supervision or security was a purely discretionary function. The trial court granted the school district's motion for summary judgment on the basis of the claimed exemptions, stating that the school was

6

not negligent in making and enforcing its hall duty policy by failing to provide supervision during the gap when the teacher was at lunch. *Id.* at 613.

The Oklahoma Supreme Court noted that the exemption for protected discretionary functions includes the policy making and planning decisions but not the negligent performance of the policy. *Franks*, 943 P.2d at 613. The court's previous decision in *Truitt v. Diggs*, 1980 OK 57, 611 P.2d 633, had held that a "great deal of discretion is involved in determining what security measures are needed. ... The decisions required to be made by the School Board and its employees and agents called for legitimate judgment calls." *Truitt*, 611 P.2d at 635. Thus, the court held that the school district was not negligent in failing to provide supervision during the time when the assault occurred as such decision was a discretionary act for which the school district was therefore exempt from liability pursuant to the GTCA. *Franks*, 943 P.2d at 613. *See also, Randell v. Tulsa Indep. Sch. Dist. No. 1*, 1994 OK CIV APP 156, 889 P.2d 1264.

The determination as to the adoption of policies related to the supervision of school staff, as well as the supervision of school staff by school administrators, is the sort of supervisory discretionary function which school personnel make on a daily basis. The nature of supervision is discretionary and involves the use of individual judgment in each case as no policy or rule can cover every situation which may arise in a school setting. Such discretionary decisions are exactly the sorts of decisions which are to be protected and exempted by the GTCA from liability claims.

7

Therefore, Plaintiffs' claim regarding District's  alleged failure to adopt and maintain a policy for the control and discipline of its teachers should be dismissed as these are the types of decisions exempted under the GTCA.  Any allegations related to the identification of potentially dangerous students, and the supervision of such students should be dismissed because there are no facts alleged to support such claims, and the allegations themselves do not support Plaintiffs' claims related to the District's control of its teachers. " *Bell Atl. Corp.*, 550 U.S. at 565.

**Proposition III:      District is immune from liability with respect to the claims of negligent supervision of its teachers.**

As to Plaintiff's claims that District failed to properly supervise its employees (teachers), Plaintiffs' Second Cause of Action, (Doc. 1, Exhibit No. 3, Plaintiffs' Amended Petition, ¶36), District is immune from liability for such claims under the discretionary function exemption of the GTCA.  A school district's decisions regarding the hiring, retention, training, and supervision of its employees are generally the kind of decisions that implicate policy concerns related to its educational mission.

Courts which have addressed this issue have consistently found that the decision to provide supervision or training to governmental employees is a discretionary function as defined by 51 O.S. § 155(5). *See White v. City of Tulsa, Okla.*, 13-CV-128-TCK-PJC, 2013 WL 4784243 (N.D. Okla. Sept. 5, 2013)(dismissing claims of negligent training and supervision against the City of Tulsa and holding that training and supervising employees is a discretionary function as defined by section 155(5) of the GTCA); *Fumi v. Bd. of*

8

*Cnty. Comm'rs of Rogers Cnty.*, 10-CV-769-TCK-PJC, 2011 WL 4608296 (N.D. Okla. Oct. 3, 2011)(granting summary judgment as to Plaintiff's claim based on negligent training and supervision of a police officer as such claims were barred by the discretionary function exemption of the GTCA); *Burns v. Holcombe*, 09-CV-152-JHP, 2010 WL 2756954 (? July 12, 2010)(granting summary judgment as to claim based on negligent training and supervision of police officers against Seminole Board of County Commissioners because such claim was precluded pursuant to the discretionary function and enforcement exemptions (Section 155(4) and (5)) of the GTCA.); *Benedix v. Indep. Sch. Dist. No. I-007 of Oklahoma Cnty., Okla.*, CIV-08-1060-D, 2009 WL 975145 (W.D. Okla. Apr. 9, 2009), Case No. CIV-08-1060-D (W.D. Okla. Apr. 9, 2009)(concluding that the school district's decisions regarding the hiring, retention, and supervision of its superintendent are generally the kind of decisions that implicate policy concerns relating to its educational mission.)

In *White*, 2013 WL 4784243, plaintiff alleged that the a Tulsa Police officer had planted drugs on him in order to effect an arrest, and that the City of Tulsa was liable for negligent training and supervision of the officer. *Id.* at 1-2. The City of Tulsa moved for dismissal under Fed. R. Civ. P. 12(b)(6) arguing that the decision to provide training and supervision was a discretionary function as defined in § 155(5) of the GTCA. *Id.* at *5. Agreeing with the city, the Court held that the discretionary function provision "shields political subdivisions from liability for negligent supervision and training claims." *Id.*

9

Similarly, in *Burns*, 2010 WL 2756954, the Honorable James H. Payne for United States District Court for the Eastern District of Oklahoma found that the language of the GTCA as well as case law construing its provisions made clear a political subdivision is not subject to suit for discretionary acts such as supervising and training employees, as well as enforcement or adoption of rules or policies. *Id.* at *15. (*Citing, Elizabeth S. v. Oklahoma City Pub. Sch.*, CIV-08-105-M, 2008 WL 4147572 (W.D. Okla. Sept. 3, 2008)(Unpublished); *Ochoa v. Taylor*, 1981 OK 120, 635 P.2d 604.

District's decisions or actions regarding supervising its teachers are the sorts of discretionary decisions for which District is exempt. Therefore, based on the GTCA's exemption from liability for discretionary acts, Plaintiffs' claim of that District negligently supervised its teachers including Defendant Guerrero should be dismissed.

The Second Cause of the Amended Petition should be dismissed.

**Proposition IV:      The claim for breach of an implied contract must be dismissed.**

In their Fourth Cause of Action, (Doc. 1, Exhibit No. 3, Plaintiffs' Amended Petition, ¶¶ 45 - 48), Plaintiffs allege that S.N. had a property interest in her continued education based upon the express and implied contractual obligations between Defendants and Plaintiff Cynthia Najera to secure her minor child, Plaintiff S.N., an education pursuant to the compulsory school attendance requirements of Okla. Const. art. XIII, § 4 and Title 70 O.S. §§ 10-105, 10-106. Plaintiffs allege Defendants breached these contractual obligations and that they suffered damage. They also allege that

Defendants acted with reckless indifference and that they are entitled to punitive damages.

Oklahoma's courts have not recognized a cause of action for breach of an express or implied contract arising out of Oklahoma's compulsory attendance laws nor has the Oklahoma Legislature created any such cause of action..  The courts have generally considered such claims to be claims for educational malpractice.  The courts have not recognized such a cause of action either in tort or contract because established public policy provides that schools have broad discretion in academic matters.  The courts have been reluctant to interfere in school district matters which involve such discretion, specifically how to best educate a particular student.  Thus, the Oklahoma Court of Civil Appeals has held that, absent a specific and identifiable agreement to provide particular services to a student, the public policy of the state denies recognition of a claim of educational malpractice, whether alleged as a tort or breach of contract.  *Bittle v. Oklahoma City Univ.*, 2000 OK CIV APP 66, 6 P.3d 509, 513-515.

Two judges of the United States District Court for the Western District of Oklahoma have rejected a claim of breach of express or implied contract stemming from Oklahoma's compulsory education laws.  See, *Glasgow v. Board of Education, District I-002, a/k/a Dibble Public School District, et al*, Case No. CIV-04-1643-T, Order dated April 15, 2005, (Doc. 17) and  *Holt v. Independent School District Number I-007 of Oklahoma County*, Case No. CIV-03-966, Order dated November 18, 2003 (Doc. 9).

11

There being no authority for the existence of an express or implied contract arising from Oklahoma's compulsory education laws, there can be no breach of contract. Plaintiffs' Fourth Cause of Action should be dismissed.

**Proposition V:**      **Plaintiff does not sufficiently allege that constitutional deprivations resulted from a policy, regulation, custom, orpractice of District.**

In the Fifth Cause of Action, Plaintiffs allege that the actions of District violated her constitutional rights, including injury to a protected property interest under the Fourteenth Amendment, as actionable under 42 U.S.C.A. § 1983 ("Section 1983"). (Doc. 1, Exhibit No. 3, Plaintiffs' Amended Petition, ¶¶ 49-56.)

42 U.S.C.A. § 1983 provides that any person who, under color of state law, causes a deprivation of rights shall be liable to the party injured by such deprivation. 42 U.S.C.A. § 1983.  The requirement of a person acting "under color of state law" is a jurisdictional prerequisite which must be met. *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).  The purpose of 42 U.S.C.A. § 1983 is to deter state actors from using their authority to deprive individuals of federally guaranteed rights. *Id.*   Local governmental entities such as the District are "persons" who may be sued under Section 1983. *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122 (10th Cir. 1993) relying on *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) and *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992). However, respondeat superior liability is not a valid theory for imposing Section 1983 liability on a governmental entity. *Sauers*, 1 F.3d at 1129.

12

A school district may be liable for violations of federal rights under Section 1983 if a plaintiff can establish that the school district's actions are either "representative of an official policy or custom" or "taken by an official with final policy-making authority." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1249 (10th Cir. 1999); see also, *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1124 (10th Cir. 2008). With respect to an official policy, in order to subject a school district to liability, the policy must be officially promulgated and adopted by the appropriate officers. *Murrell*, 186 F.3d at 1249. In order to demonstrate that an official policy exists, the plaintiff must show that there is a policy statement, ordinance, regulation, or decision officially promulgated and adopted by the governmental entity. Absent an official policy, the governmental entity may be held liable only if the discriminatory practice is permanent and so well settled as to constitute a custom and practice which has the same force as law. *Murrell*, 186 F.3d at 1249. *See also, Monell*, 436 U.S. at 690-691.

In Oklahoma, the board of education of a school district is the final policy making authority for a public school district. 70 O.S. § 5-117. Neither a superintendent nor a high school principal has final policy making authority for a school district. Rather, under Oklahoma law, only a board of education is empowered to adopt rules or policies regarding the learning environment and student safety. *Indep. Sch. Dist. No. 8 of Seiling, Dewey Cnty. v. Swanson*, 1976 OK 71, 553 P.2d 496. Under Oklahoma law, the duly-elected board of education is the final policy-making authority. *Curtis v. Oklahoma City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200 (10th Cir. 1998).

13

Plaintiffs have not alleged that there are any policy statements, ordinances, regulations, or official decisions adopted by District's Board of Education which caused any violation of her constitutional rights.  Plaintiffs make vague, conclusory allegations about District's alleged negligence, lack of remedial action, failure to maintain an appropriate system of review of sexual assault claims and failure to identify conduct by teachers which pose a substantial risk of violence to students, and that such failures amount to deliberate indifference.  Amended Petition, ¶¶ 50-54. However, Plaintiffs do not identify any policy, custom or practice of District regarding training and/or investigation of sexual abuse claims.  Moreover, Plaintiffs have not alleged any facts which would demonstrate a custom or practice or that any actions were taken by District's Board of Education which has final policy making authority for District. Accordingly, Plaintiffs' Section 1983 claims asserted against District must be dismissed.

**Proposition VI:**     **District cannot be liable for punitive damages as alleged in Plaintiffs' Petition.**

Plaintiffs' further seek to recover punitive damages against District. Plaintiffs' Amended Petition at ¶ ¶ 31, 41, 44, 48, and 56. (Doc. 1, Exhibit No. 3, Plaintiffs' Amended Petition) Pursuant to the GTCA, punitive damages may not be awarded against a political subdivision such as District for any action or claim.  Okla. Stat. Ann. tit. 51, § 154(B) (West).  Likewise, punitive damages are not recoverable against a public school district on a claim pursuant to Section 1983. *Dill v. City of Edmond, Okl.*, 155 F.3d 1193, 1210 (10th Cir. 1998).

14

As to Plaintiffs' Title IX claim, United States District Judge Vickie Miles-LaGrange has held that punitive damages may not be awarded under Title IX.   Order dated October 25, 2007 [Doc. 9], pp. 6-7, *James ex rel. Z.J. v. Indep. Sch. Dist. No. I-007 of Oklahoma Cnty. State of Oklahoma*, CIV-07-434-M, 2007 WL 3171213 (W.D. Okla. Oct. 25, 2007).   Judge Miles-LaGrange found that since Title IX is modeled after Title VI and is interpreted and applied in the same manner and because the Supreme Court has found that punitive damages may not be awarded in private suits under Title VI, that punitive damages may not be awarded in private suits under Title IX.   *See, Barnes v. Gorman*, 536 U.S. 181, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002); *Doe 20 v. Bd. of Educ. of Cmty. Unit Sch. Dist. No. 5*, 680 F. Supp. 2d 957, 994-995 (C.D. Ill. 2010).

As such, Plaintiffs' Amended Petition fails to state a claim for punitive damages and all claims for punitive damages should be dismissed.

## Conclusion

For the reasons set forth herein, Defendants respectfully move this Court to dismiss Plaintiffs' claims against the Stroud Public School Board.   Defendants also move the Court to dismiss Plaintiffs' negligence claims related maintaining an appropriate system of review of assault and sexual harassment claims, failure to maintain an appropriate screening procedure to identify students prone to violence, failure to properly supervise students and teachers and failure to adopt and maintain a policy for the control and discipline of teachers that are prone to sexual abuse of students, Plaintiffs' Second Cause of Action.   Defendants request dismissal of the claims under 42 U.S.C. § 1983

15

(Fifth Cause of Action), for breach of an express or implied contract (Fourth Cause of Action) and any claim for punitive damages.

Respectfully Submitted,

S/Lauren J. Ray
F. Andrew Fugitt, OBA #10302
Lauren J. Ray, OBA #22694
Attorney For Defendant
The Center For Education Law, P.C.
900 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 528-2800
Facsimile: (405) 528-5800
E-mail: AFugitt@cfel.com
Lray@cfel.com

## Certificate of Service

I hereby certify that on June 30, 2014 I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants:

S/Lauren J. Ray