THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

1) CYNTHIA NAJERA, and CARLOS NAJERA, )
   individually and as Next Friends and Parents of )
   S.N., a minor child, )
   )
                        Plaintiffs, )
   vs. ) Case No.: CIV-2014- 657-R
   )
1) INDEPENDENT SCHOOL DISTRICT OF )
   STROUD NO. I-54 OF LINCOLN COUNTY )
   )
2) MANDI GUERRERO, individually, and )
   )
3) STROUD PUBLIC SCHOOL BOARD, )
   )
                        Defendants. )

**Plaintiffs' Response to Defendants' Motion to Dismiss and Brief in Support**

COME NOW the Plaintiffs, above-named, and respond to Defendants' Motion To Dismiss ("Motion"), and show that Plaintiffs' causes of action with respect to Defendants' propositions III, V, and VI are sufficient to state a claim under Fed. R. Civ. P. ("FRCP") 12(b)(6), and therefore, Defendants' Motion must be denied. In support, Plaintiffs would show the following:

**I.**                                          **Introduction**

Plaintiffs have brought this lawsuit against the Defendants for lewd, and sexual acts perpetrated by one of the teachers at the Stroud Public School against Plaintiffs' minor daughter, "S.N." Because Plaintiffs' Amended Petition contains some scrivener's errors, Plaintiffs request leave of Court to amend their Petition to correct the typographical errors

some of which have been pointed out in Defendants' Motion to Dismiss. Specifically, Plaintiffs concede that this lawsuit is solely about the misconduct of Defendant Mandi Guerrero, the teacher at the Stroud Public School. The lawsuit does not involve any assault or violence by other students against Plaintiffs' minor.

Additionally, based on Defendants' assertions that, the Stroud School Board is the same legal entity as the Independent School District Number, Plaintiffs seek to amend their Petition to dismiss the Stroud Public School Board as defendants.

## Brief in Support

**II.**           **ARGUMENT AND AUTHORITIES**

Motions to dismiss are usually viewed with disfavor by the Courts and are not sustained unless it should appear without doubt that the Plaintiff can prove no set of facts in support of the claims for relief. As this Court is well aware, in considering Rule 12 (b)(6) motions, the Court's function is not to weigh potential evidence that the parties might present at trial, but to assess whether the Plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F. 2d 1562, 1565 (10th Cir. 1991).

Indeed, in considering this motion, all of Plaintiffs' well-pleaded factual allegations must be accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party. Ruiz v. McDonnell, 299 F. 3d 1173, 1181 (10th Cir. 2002). To survive Defendants' Motion to Dismiss, Plaintiffs simply must provide "enough facts to state a claim

to relief that is plausible on its face, meaning " more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct., 1955, 167 L. Ed. 2d 929 (2007). In Twombly, the Supreme Court explained that a Plaintiff must "nudge her claims across the line from conceivable to plausible" to survive a motion to dismiss. Id at 547.

The Supreme Court later explained in Ashcroft v. Iqbal, —U.S. —, 129 S. Ct. 1937, 173 L. Ed 2d 868 (2009), that while the Fed. R. Civ. P. 8 does not require detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." According to Iqbal, Twombly highlights two principles: 1) a court must accept as true all of the allegations contained in a complaint which are factual allegations, not mere legal conclusions or recitals of the elements of a cause of action; 2) only a complaint that states a plausible claim for relief survives a motion to dismiss. Id at 1949-50. Ultimately, when there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. In that respect, the complaint must give this Court reason to believe that Plaintiffs, in this case, have a reasonable likelihood of mustering factual support for these claims. The Ridge at Red Hawk, LLC v. Schneider, 493 F. 3d 1174, 1177 (10th Cir. 2007).

Also, in a ruling prior to the Supreme Court's holding in Twombly, the 10th Circuit had held that all well-pleaded factual allegations in a Complaint must be accepted as true and viewed in the light most favorable to the non-moving party. GFF Corp. v. Associated

Wholesale Grocers, Inc., 130 F. 3d 1381, 1384 (10th Cir. 1997).

In the case at bar, Plaintiffs' Petition alleges the negligent conduct by the District in failing to follow policies and adequately supervise the teachers and the violations of S.N.'s civil rights under 42 U.S. § 1983 through the execution of the customs and practices of the School District. As discussed below, and based on the undisputed set of facts, Plaintiffs have alleged enough facts to raise their right to relief against Defendant School District beyond the speculative level to warrant a denial of Defendants' Motion to Dismiss.

Plaintiffs also move to amend their Petition (complaint) to correct any pleading deficiencies in Defendants' Motion to Dismiss, See FRCP15(a). In response to the Motion to Dismiss, Plaintiffs address Defendants' numbered Propositions I through VI:

**Proposition I:** **Plaintiffs concede to Defendants' propositions I, II and IV.**

Plaintiffs concede to dismiss the Stroud Public School Board; Plaintiffs claim of failure to adopt a policy for control of teachers and for supervision of teachers; and Plaintiffs claim for breach of an implied contract. Plaintiffs also concede that their causes of action reflect solely on Defendant Mandi Guerrero's conduct and acts against S.N., and have no involvement with any other students attacking their minor child. Therefore, Plaintiffs request leave of court to amend their Peition to correct the scrivener's errors found in their Petition.

**Proposition II:** **Because the discretionary function immunity does not apply to Plaintiff's claim of negligent supervision of the District's teachers, the Stroud Public School District is not immune from liability for the claim of negligent supervision.**

The law in Oklahoma is clearly established that, although the Oklahoma Government Tort Claims Act, 51 O.S.§ 155(5), bars discretionary functions including policymaking and planning decisions, such exemption does not apply to negligent performance of policy. J.M.v. Hilldale Indep. School District of Muskogee Co., CIV07-367-JHP. (E.d. Okla. Jul. 25, 2008), citing, Cooper v. Millwood Independent School District, 887 P.2d 1370 (Okla., App. 1994); Wofford v. Eastern State Hospital, 795 P. 2d 516, 519 (Okla. 1990).

In Hilldale Independent School District, the Plaintiffs, just like in the case at bar, were the parents of a minor student who was involved in a sexual relationship with a band teacher at the school. The plaintiffs brought the lawsuit on behalf of their daughter, for violation of her rights under federal and state laws, including a state law claim for negligent supervision of the culprit teacher.

In a motion for summary judgment filed by the defendant school district, defendant contended that the OGTCA, 51 O.S. §155(5), exempted and provided immunity to the school district from liability with respect to Plaintiffs' claim of negligent supervision of its teachers. The Court, presided by the Honorable Judge James H. Payne in the Eastern District of Oklahoma held that "while §155(5) applies to discretionary functions including policymaking and planning decisions, the exemption does not apply to negligent performance of policy." Hilldale, Judge Payne noted that, in Doe v. Cedar Rapids Community School District, 652 N. W. 2d 439, 445 (2002), the Court reasoned that, "The choices inherent in hiring, retaining, and supervising a particular teacher are not policy choices our legislature

intended to immunize. They do not affect the "big picture" but rather have impact on a very small scale. These decisions must be made by every school district when a teaching position is vacant and must be filled. Such decisions are no different than a government employee's decision to turn left or right at a stop sign. **Actions of this nature are not immune from liability because they are not real policy decisions implicating governmental functions.**" Id.

Additionally, Judge Payne reasoned that, other courts have recognized a duty on the part of the school district to keep students safe from danger, based on the "special relationship that exists between the school districts and students, and foreseeable acts of third parties causing harm to students in the school's care." Wofford v. Eastern State Hospital, 795 P.2d 516, 519 (Okla. 1990); Kansas State Bank and Trust Co. v. Specialized Transportation Services, Inc., 819 P.2d 587, (Kan. 1991); Randell v. Tulsa Independent School District No.1, 889 P. 2d 1264 (1994). In that regard, the Court denied the school district's motion for summary judgment, and held that because the discretionary function immunity does not apply to the negligent supervision claim, claims against a school district based on its own negligence may be pursued.

Similarly in the case at bar, although the Stroud School District was made aware by the Plaintiffs of Mandi Guerrero's acts and behavior with their child, the District failed to take any corrective action against Guerrero, and allowed her to continue to meet and harass S.N. In that respect, the District's function to supervise Mandi Guerrero was beyond its

discretionary function, and because the discretionary function immunity is not applicable to the District's inability to prevent Guerrero's continuing harassment of S.N. after the was placed on notice of Guerrero's acts with other students, and S.N. Plaintiffs claim of negligent supervision against the school district must not be dismissed.

Furthermore, cases in this jurisdiction have been consistent with Oklahoma law that negligence may **"originate from the district employees' asserted failure to take action once they were apprised of a teacher's conduct."** Any action to remedy a problem must be performed in a "non-negligent" manner. See Minie v. City of Okmulgee and County of Okmulgee, 934 P.2d 1082, 1087 (Okla. 1997) (decision to repair problem becomes ministerial or operational that must be performed in a "non-negligent" manner and once county made discretionary decision to remedy problem, then county's operational acts imposed duty of due care).

In this case, Plaintiffs have alleged that Defendants had actual notice of Mandi Gurrero's behavior, because of prior complaints to the School authorities, but the School District negligently failed to act to stop Guerrero. Plaintiffs alleged that after Defendants had actual notice of Guerrero's conduct, Defendants' actions in supervising Guerrero were performed in a negligent manner.

As discussed above, Plaintiffs' Amended Petition simply sets forth the totality of the circumstances supporting the claims of negligence supervision, and the School District's failure to act when it received notice of the teacher's conduct.

Therefore, Plaintiffs' claims for negligent supervision must not be dismissed.

**Proposition III:** **Plaintiffs have established the prima facie elements of the 42 U.S.C. §1983 claims.**

Defendants do not dispute that a teacher, Mandi Guerrero had an inappropriate relationship with Plaintiffs' minor daughter, and that the teacher was "acting under color of state law" when she sexually attacked and harassed S.N. during school hours. Defendants do not dispute that Plaintiffs complained to school supervisors and officials about Mandi Guerrero sexually molesting and harassing S.N., and no remedial action was taken to protect S.N. from Guerrero.

As Defendants' concede, "any person who, under color of state law", causes a deprivation of rights shall be liable to the party injured by such deprivation under *42 U.S.C. §1983*. Defendants also concede that the school district may be liable for sexual harassment when the state employee's discriminatory actions are representative of discriminatory practice that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Murrell v. School Dist. No 1, Denver, Colo., 186 F. 3d 1238, 1249 (10th Cir. 1999).

In the case at bar, Plaintiffs have alleged in their Amended Petition that after they gained notice of Guerrero's behavior with their minor child, they contacted the school officials. However, the school officials ignored their pleas and complaints and allowed Guerrero to continue to get into the girls' locker room after softball games where she met Plaintiffs' minor child, S.N. and continued the sexual encounters. See ¶¶10, 25, 26, and 27

). As a result, Defendants ("school officials") were deliberately indifferent to Plaintiffs' minor, S.N.'s safety, and enabled the harassment that was severe, pervasive and objectively offensive to continue.

Consequently, Plaintiffs allege in their Petition that Defendants acted ***deliberately indifferent*** to the safety of S.N. based on the totality of the circumstances. Therefore, Defendants Motion to Dismiss Plaintiffs' § 1983 claims must be denied.

**Proposition V:** **Although punitive damages are not allowed against school districts under §1983 cases, they are allowed in Title IX cases, therefore Plaintiffs' punitive damage claim must not be dismissed.**

Although Punitive damages against the Defendant School District are not allowed in §1983 actions, the 10th Circuit has not dismissed punitive damages in Title IX actions. Therefore, Plaintiffs submit that punitive damages should be allowed in the Title IX action in this case. However, the difference between the §1983 and Title IX actions clarify Plaintiffs' position. Under §1983, punitive damages are *allowed* against the individual defendants so it is not necessary for punitive damages against the School District because the intent of punitive damages is maintained: to deter defendant's conduct. Under Title IX actions, the action is against the School District only – not the individual defendants. Defendants' contentions that punitive damages must be dismissed in this case, would also deny Plaintiffs' punitive damages claim in their Title IX claims which would diminish the intent of punitive damages. See Franklin v. Gwinnett County Public Schls., 503 U.S. 60, 74-75, 112 S.Ct. 1028 (1992). Therefore, Plaintiffs' punitive damage claims under Title IX

should not be dismissed.

## Conclusion

For the reasons stated above, Plaintiffs properly alleged the causes of action to withstand challenges under FRCP 12(b)(6), and the Motion must be dismissed. Pursuant to FRCP15(a), Plaintiffs request leave to amend to corrects any defects in pleading sustained by the Court.

Respectfully submitted,

/s/ E. Ed Bonzie
E. Ed Bonzie, OBA#15190
8201 S. Walker
Oklahoma City, Oklahoma 73139
405-631-1021 (Phone)
405-616-2488(Fax)
    and
KELLI MCCULLAR, OBA #20091
228 N. Broadway
Shawnee, OK 74801
405.214.2889 Firm /
405.275.0776 facsimile
e-mail: mccullarlaw@sbcglobal.net

**CERTIFICATE OF SERVICE** Attorney for Plaintiffs

     This is to certify that on this  21st  day of July, 2014, a true and correct copy of the above and foregoing **Plaintiffs' Response to Defendants' Motion to Dismiss and Brief in Support** was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the Following ECF registrants:

    Lauren J. Ray, Esq.,
    F. Andrew Fugitt, Esq.
    The Center for Education Law, Inc
    900 N. Broadway, Ste. 300
    Oklahoma City, OK 73102
    JRay@cfel.com

                                                     */s/ E. Ed Bonzie*
                                                     E. Ed Bonzie