IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CYNTHIA NAJERA and CARLOS NAJERA, individually and as Next Friends and Parents of S.N., a minor child, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-657-R |
| INDEPENDENT SCHOOL DISTRICT OF STROUD NO. I-54 OF LINCOLN COUNTY, | ) ) ) ) | |
| MANDI GUERRERO, individually, and | ) ) | |
| STROUD PUBLIC SCHOOL BOARD, | ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss. Doc. No. 5. Plaintiffs bring suit against the Stroud Public School District ("District"), the Stroud Public School Board, and Mandi Guerrero, a teacher and softball coach at Stroud High School. They allege that Guerrero formed a "special relationship" with minor S.N., "which consisted of exchanges of love letters, and kissing on the lips, and fondling." Am. Pet. ¶¶ 7, 10. Plaintiffs further allege that after complaints were made to Defendants, Guerrero "was allowed to enter the girls locker room after games and continued the harassment of S.N." *Id.* ¶ 10. Their causes of action include a violation of Title IX, 20 U.S.C. § 1681, 42 U.S.C. § 1981, negligence, negligent infliction of emotional distress, breach of implied contract, and assault and battery against Guerrero.

Defendants Stroud Public School District and Stroud Public School Board have filed a Partial Motion to Dismiss on six grounds. They move to dismiss the School Board as a defendant, as well as Plaintiffs' claims for negligently failing to adopt a policy for control and supervision of teachers, breach of implied contract, and § 1983. They also argue that Plaintiffs are not entitled to punitive damages against District.

## **Standard of Review**

In considering a motion under Rule 12(b)(6), the Court must determine whether the Plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555, 570 (citation omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citations omitted). Although decided within an antitrust context, *Twombly* stated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). For the purpose of making the dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

## Analysis

### A. Stroud Public School Board

Plaintiffs concede that the Stroud Public School Board is not a proper defendant in this case. Doc. No. 6, at 4. Therefore, the Court grants Defendants' motion to dismiss the School Board as a defendant.

### B. Failure to Adopt Policy for Control and Supervision of Teachers

Plaintiffs concede that District is immune from a claim for negligently failing to adopt a policy for control and supervision of teachers. *Id.* Therefore, the Court grants Defendants' motion to dismiss the claims in paragraphs 34, 35, and 39 of the Amended Petition.

### C. Negligent Supervision of Teachers

District argues that it is immune from liability for negligent supervision of its teachers, Plaintiffs' second cause of action, under the discretionary function exemption of the Oklahoma Governmental Tort Claims Act ("GTCA"). Under § 155(5) of the GTCA, a political subdivision is immune from liability for the "[p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the … political subdivision or its employees." OKLA. STAT. ANN. tit. 51, § 155(5) (West). The Supreme Court of Oklahoma has adopted the "planning-operational" approach to the discretionary function exemption, in which "[p]rotected discretionary functions include the policy making and planning decisions, although not negligent performance of the policy." *Franks v. Union City Pub. Sch.*, 943 P.2d 611, 613 (Okla. 1997) (citation omitted).

Plaintiffs assert several theories of negligence in their second cause of action. First, they allege that District "failed to maintain a safe school premises free from violence from teachers." Am. Compl. ¶ 38. Second, they allege that District "negligently failed to properly supervise the students and teachers in the High School gymnasium." *Id.* ¶ 36. Finally, they allege that District failed to prevent the continued sexual assault and harassment of S.N. after it learned of Guerrero's conduct. *Id.* ¶¶ 33, 37.[1]

District is immune from Plaintiffs' claims that it "failed to maintain a safe school premises free from violence from teachers," and that it "negligently failed to properly supervise the students and teachers in the High School gymnasium." In *Franks v. Union City Public Schools*, 943 P.2d at 613, the Supreme Court of Oklahoma held that "determining the type of supervision during the lunch period at the time of Appellant's injury" fell within the discretionary function exemption. The holding of *Franks* controls the application of the discretionary function exemption to Plaintiffs' above two theories of negligence. Claims for failing to maintain a safe school premises and negligent supervision of students and teachers in the high school gymnasium are equivalent to a claim for negligent supervision during the lunch period. *Cf. Truitt v. Diggs*, 611 P.2d 633, 635 (Okla. 1980) ("A great deal of discretion is involved in determining what security measures are needed…. The decisions required to be made by the School Board and its employers and agents called for legitimate judgment calls.").

---

[1] Plaintiffs' allegations in paragraphs 34, 35, and 39 of the Amended Petition are dismissed pursuant to Section B above. Therefore, the Court need not consider the status of these claims under the discretionary function exemption.

Plaintiffs also allege that District failed to prevent the continued sexual assault and harassment of S.N. after receiving complaints. There is no controlling decision from the Oklahoma Supreme Court on the issue of whether the discretionary function exemption applies to a case in which a plaintiff alleges that a school district had notice of a teacher's inappropriate behavior and failed to act. The Court first notes that this exemption "is extremely limited .… because a broad interpretation would completely eradicate the government's general waiver of immunity" in the GTCA inasmuch as "[a]lmost all acts of government employees involve some element of choice and judgment." *Nguyen v. State*, 788 P.2d 962, 964 (Okla. 1990) (citation omitted).

The discretionary function exemption is "designed to bar tort litigation challenging governmental decisions which are founded on a balancing of competing policy considerations." *Id.* at 965 (citation omitted). The decision not to investigate or take any action following complaints of inappropriate behavior on the part of Guerrero "did not involve a balancing of policy considerations." *Id.* Once District was notified of Plaintiffs' allegations, it was required "to do the work with reasonable care and in a non-negligent manner." *Robinson v. City of Barthesville Bd. of Educ.*, 700 P.2d 1013, 1017 (Okla. 1985). Therefore, District is not immune from Plaintiffs' claims in paragraphs 33 and 37 of the Amended Petition, which allege that District failed to prevent the continued sexual assault and harassment of S.N. after it learned of Guerrero's conduct. But District is immune from Plaintiffs' claims in paragraphs 36 and 38 alleging a general failure to supervise and failure to maintain a safe school premises.

## D. Breach of Implied Contract

Plaintiffs concede the dismissal of their claim for breach an implied contract. Doc. No. 6, at 4. Therefore, the Court grants Defendants' motion to dismiss this claim.

## E. Section 1983

District argues that Plaintiffs have not alleged that any constitutional violations resulted from an official policy or custom of the municipality, and therefore Plaintiffs do not state a claim under § 1983. To hold a municipality liable under § 1983, Plaintiffs must demonstrate that the actions taken "are representative of an official policy or custom of the municipal institution, or are taken by an official with final policy making authority." *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1249 (10th Cir. 1999). "Absent such an official policy, a municipality may also be held liable if the discriminatory practice is so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (internal quotation marks and citation omitted). In addition, Plaintiffs must demonstrate that the policy or custom caused the constitutional violations, and that District acted with the required state of mind, *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013), which both parties agree is deliberate indifference, Doc. No. 6, at 9, Doc. No. 7, at 6. The parties do not dispute that causation was sufficiently alleged. Therefore, the Court addresses only the issues of an official custom or policy and deliberate indifference.

### i. Official Custom or Policy

Plaintiffs allege that the Stroud Public School Board had a "policy, practice and custom" of "fail[ing] to maintain an appropriate system of review of sexual assault

6

claims," and "fail[ing] to identify conduct by the teachers which pose[s] substantial risk of violence to the students." Am. Pet. ¶ 53. District is correct that Plaintiffs do not identify any particular "policy statements, ordinances, regulations, or official decisions adopted by District's Board of Education" that caused the alleged constitutional violations. Doc. No. 5, at 19. This is because Plaintiffs' claim is that the School Board did not *have* a policy for dealing with complaints of sexual assault.

The Supreme Court held in *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), that "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants[,] such a shortcoming [can] be properly thought of as a city 'policy or custom' that is actionable under § 1983." The analysis in *Canton* is applicable to the present case. *Cf. Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1240 (1999) (applying *Canton* to find that plaintiff stated a claim against a principal in his individual capacity who "failed to adequately train school employees or adopt or implement a policy to prevent sexual assaults"). Thus, as long as Plaintiffs allege that the School Board's failure to implement a policy to investigate complaints of sexual assault constitutes deliberate indifference on the part of District, that is sufficient to state a claim under § 1983.[2]

### ii. Deliberate Indifference

To be liable under § 1983, the official custom or policy of the municipality, or lack thereof, must "reflect[] a 'deliberate' or 'conscious' choice." *City of Canton*, 489

---

[2] Because neither party disputes that the Stroud Public School Board is the official policy maker with respect to investigations of sexual assault or harassment allegations, the Court assumes that fact without deciding.

U.S. at 389. This requirement is satisfied "when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). If a plaintiff does not allege "a pattern of tortious conduct," the constitutional violation at issue must be "a 'highly predictable' or 'plainly obvious' consequence of a municipality's action or inaction." *Id.* at 1307-08.

Plaintiffs do not allege that District engaged in a pattern of tortious conduct. But they do allege that District's failure to adopt a policy resulted in the continued sexual assault and harassment of S.N. Am. Pet. ¶¶ 53-54. The question, then, is whether continued sexual assault and harassment of a student by a teacher is a "highly predictable" or "plainly obvious" consequence of having "actual and/or constructive knowledge and notice" of Guerrero's conduct, and "fail[ing] to maintain an appropriate system of review of sexual assault claims, and fail[ing] to identify conduct by the teachers which pose substantial risk of violence to the students." *Id.* ¶¶ 15-16. The Court finds that such a consequence is highly predictable. Therefore, because Plaintiffs have sufficiently alleged that the School Board's failure to have a policy addressing complaints of sexual assault caused a constitutional violation and that the Board was deliberately indifferent to the risk of this violation, Defendants' motion to dismiss the § 1983 claim is denied.

**F. Punitive Damages**

Defendants argue that Plaintiffs are not entitled to punitive damages against District. The Court agrees. Regarding Plaintiffs' tort claims of negligence and negligent infliction of emotional distress, Oklahoma law bars punitive damages against municipal defendants. OKLA. STAT. ANN. tit. 51, § 154(C) (West) ("No award for damages in an action or any claim against the state or a political subdivision shall include punitive or exemplary damages."). Plaintiffs are also precluded from obtaining punitive damages against a municipality under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983).

Similarly, Plaintiff may not recover punitive damages from District under Title IX. The Supreme Court interprets Title IX consistently with Title VI. *Barnes v. Gorman*, 536 U.S. 181, 185 (2002). The Supreme Court noted in *Barnes v. Gorman* that "the traditional presumption in favor of *any appropriate relief* for violation of a federal right" applies to suits under Title IX. *Id.* Therefore, because "appropriate relief" under Title VI does not include punitive damages, *id.* at 188, punitive damages are not available under Title IX. *Mercer v. Duke Univ.*, 401 F.3d 199, 202 (4th Cir. 2005) ("Because Title IX is interpreted consistently with Title VI, the Supreme Court's decision in *Barnes* compelled us to vacate Mercer's punitive damage award." (citation omitted)); *Elizabeth S. v. Oklahoma City Pub. Sch.*, No. CIV-08-105-M, 2008 WL 4147572, at *6 (W.D. Okla. Sept. 3, 2008) ("[B]ecause the Supreme Court has found that punitive damages may not

9

be awarded in private suits under Title VI, the Court finds that they may not be awarded in private suits under Title IX.").[3]

**Conclusion**

In accordance with the foregoing, the Court grants Defendants' Partial Motion to Dismiss in part and denies it in part. The Court dismisses the Stroud Public School Board as a defendant, and dismisses claims in paragraphs 34, 35, 36, 38, and 39 of Plaintiffs' Amended Petition, as well as Plaintiffs' claim for breach of an implied contract. The Court also finds that Plaintiffs are not entitled to punitive damages against District on their stated claims. However, Plaintiffs' claims in paragraphs 33 and 37 of the Amended Petition, as well as their claim under § 1983, survive Defendants' Partial Motion to Dismiss.

IT IS SO ORDERED this 7th day of October, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Because this Order dismisses Plaintiffs' claim for breach of an implied contract, no ruling is required as to whether punitive damages are permitted under such a claim.